United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRYNN BREDAHL, *et al.*, | No. C 11-1037 SI |
| Plaintiffs, | **ORDER GRANTING UNOPPOSED MOTION TO DISMISS THIRD CAUSE OF ACTION WITHOUT LEAVE TO AMEND** |
| v. | |
| STATE FARM MUTUAL INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

Defendants' motion to dismiss plaintiffs' third cause of action is scheduled for a hearing on April 15, 2011. Plaintiffs have not filed an opposition to the motion. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion to dismiss the third cause of action without leave to amend.

**BACKGROUND**

Plaintiffs Lorrynn Bredahl and William Harwood filed this case against State Farm Mutual Insurance Company ("State Farm") and Does 1 through 50. The complaint alleges that plaintiffs' vehicle was insured by State Farm, and that on or about May 3, 2009, while the policy was in effect, plaintiffs' vehicle was stolen and never recovered. Compl. ¶¶ 9, 11. The complaint alleges that the insurance policy provided coverage for loss as a result of theft, and that State Farm denied the claim and "refused to pay Plaintiffs any sum for damages related to the auto theft." *Id.* ¶ 17. The complaint alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, and

intentional infliction of emotional distress.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## DISCUSSION

Defendants move to dismiss the third cause of action for intentional infliction of emotional distress ("IIED"). Defendants contend that the IIED claim should be dismissed because the conduct alleged in the complaint – the mishandling and denial of an insurance claim – is not outrageous as a matter of law. Defendants also contend that the complaint does not allege that plaintiffs have suffered severe or extreme emotional distress.

Under California law, "the elements of the tort of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct . . . . The defendant must have engaged in 'conduct intended to inflict injury or engaged in with the realization that injury will result.'" *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 209-10 (1982).

The Court agrees with defendants that the complaint does not state a claim for IIED. Courts have dismissed IIED claims where plaintiffs alleged conduct more egregious than what is alleged here. *See, e.g., Schlauch v. Hartford Accident and Indem. Co.*, 146 Cal. App. 3d 926, 936 (1983) (insurer delayed two and a half years before tendering policy limits where liability was obvious; "The failure to accept an offer of settlement or the violation of statutory duties under Insurance Code section 790.03 does not in itself constitute the type of outrageous conduct which will support a cause of action for intentional infliction of emotional distress."); *Ricard v. Pacific Indem. Co.*, 132 Cal. App. 3d 886, 894 (1982) (sustaining demurrer where plaintiff alleged insurance company's intentional and willful refusal to properly investigate, process and communicate with plaintiff about his claim, and denial of claim, was outrageous); *see also Taylor v. California State Auto. Ass'n Inter-Ins. Bureau*, 194 Cal. App. 3d 1214, 1223 (1987) (holding delay in settling an insurance claim was not outrageous as a matter of law).

Plaintiffs did not oppose defendants' motion, and have not filed anything with the Court indicating that they wish to amend the IIED claim. Accordingly, the Court GRANTS defendants' motion to dismiss the third cause of action without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the third cause of action without leave to amend. (Docket No. 7).

**IT IS SO ORDERED.**

Dated: April 11, 2011

SUSAN ILLSTON
United States District Judge

3